**Javier GONZALES–GONZALES, a.k.a Francisco Javier Palomino Aguero, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 10–71122.

United States Court of Appeals, Ninth Circuit.

Submitted June 26, 2012.*

Filed July 6, 2012.

Francisco Javier Palomino Aguero, Seattle, WA, pro se.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Walter Bocchini, Esquire, Trial, Oil, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

MEMORANDUM **

Javier Gonzales–Gonzales, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo its legal conclusions. *Santos–Lemus v. Mukasey,* 542 F.3d 738, 742 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's finding that the threats Gonzales–Gonzales and his mother received do not rise to the level of persecution. *See Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000) (citation and internal quotations omitted) ("Threats standing alone … constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm."). Substantial evidence also supports the agency's conclusion that Gonzales–Gonzales failed to establish a

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

well-founded fear of persecution based on these threats. *See Mendez–Gutierrez v. Gonzales,* 444 F.3d 1168, 1172 (9th Cir. 2006) (applicant's vague and conclusory allegations of fear for his life upon return to Mexico insufficient to support a finding of a well-founded fear of future persecution). Accordingly, Gonzales–Gonzales' asylum claim fails.

Because Gonzales–Gonzales failed to establish eligibility for asylum, he necessarily fails to meet the higher standard of eligibility for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

Substantial evidence also supports the agency's denial of CAT relief because Gonzales–Gonzales failed to establish it is more likely than not he will be tortured by or with the acquiescence of a government official if returned to Peru. *See Santos–Lemus,* 542 F.3d at 747–48.

Finally, we reject Gonzales–Gonzales' contentions that the BIA violated his due process rights by both failing to properly evaluate his arguments on appeal from the IJ, *see Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice to prevail on due process claim), and by assigning his case to a one-member panel, *see Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.